UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MYRON L. LOGAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:09 CV 167 |
| | ) |
| SUPERINTENDENT, MIAMI | ) |
| CORRECTIONAL FACILITY, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Myron L. Logan submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 asserting denial of due process in two disciplinary proceedings at the Miami Correctional Facility. (DE # 1.) This court reviewed Logan's petition pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, dismissed three grounds of his petition, and allowed him to proceed on his claim that the disciplinary hearing board ("DHB") denied him the right to present exculpatory evidence. (DE # 2.)

Respondent has submitted the administrative record of these disciplinary proceedings. According to the record, on May 21, 2008, the DHB found Logan guilty in two cases of violating the Department of Correction's Adult Disciplinary Procedures rule number B212, which prohibits "committing a battery upon another person without a weapon or inflicting serious injury (*e.g.*, fighting)." (DE ## 8-9, 8-19 and 8-11 at 2.) The DHB deprived Logan of 180 days of earned credit time in each case

(DE ## 8-9 and 8-19), and demoted him to a lower time earning classification in MCF 08-05-00788. (DE # 8-9.)

In his response to the court's order to show cause, respondent argues that the court should deny Logan's petition because he did not exhaust his administrative remedies. In the alternative, respondent addresses the merits. Logan filed a traverse, several exhibits, and a declaration, in which he states "that he sent both conduct report appeals for review to Mr. Penfold together, thereby exhausting his 'state court remedies.'" (DE # 11-3 at 2.)

Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *O'Donnell v. Davis*, 115 Fed. Appx. 869, 871 (7th Cir. 2004) (unpublished); *Markham v. Clark*, 978 F.2d 993. 995 (7th Cir. 1992). To obtain federal habeas review, a prisoner must take all available appeals, including administrative appeals, and must have raised in those appeals any issue on which the prisoner seeks federal review. *See e.g., Wilson-El v. Finnan*, 263 Fed Appx. 503, 506 (7th Cir. 2008) (unpublished); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

The procedural default doctrine precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural

ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

Logan submitted an appeal to the institutional head, who responded that the appeal was untimely but advised Logan that he could appeal to the final reviewing authority. (DE # 8-20 at 6.) The record supports Logan's claim that he attempted to appeal to Mr. Penfold, the final reviewing authority for the Indiana Department of Correction ("IDOC"), but that Mr. Penfold rejected the appeal as untimely:

> Your appeal on disciplinary action taken against you in the above cited case has been received and reviewed. However, it was not submitted in a timely manner in accordance with the Disciplinary Code for Adult Offenders (refer to Adult Disciplinary Procedures 2004 Pg. 36 for future reference.

(DE # 11-12 at 2.)

"A federal claimant's procedural default precludes federal habeas review . . . only if the last state court rendering a judgement in the case rests its judgment on the procedural default." *Harris v. Reed*, 489 U.S. 255, 262 (1989). The Supreme Court has:

> . . . set a "plain statement" rule to govern the analysis of whether the state court rested its judgment on a procedural default: "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."

*Pole v. Randolph*, 570 F.3d 922, 937 (7th Cir. 2009) (quoting *Harris*, 489 U.S. at 263).

The IDOC final reviewing authority concluded that Logan's appeal was not timely, and he did not address the merits of Logan's appeal. This constitutes a plain

3

statement that the final reviewing authority rested his decision on procedural default. Accordingly, Logan has not exhausted his administrative remedies as required by *O'Donnell v. Davis* and *Markham v. Clark*, and his claim is procedurally defaulted. A habeas claimant may attempt to excuse a procedural default by showing cause and prejudice, *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977), but Logan has not presented a cause and prejudice argument.

For the foregoing reasons, the court the court **DENIES** this petition for failure to exhaust administrative remedies, and **DIRECTS** the clerk to **DISMISS** the petition. (DE # 1.)

**SO ORDERED.**

Date: July 9, 2010

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT